IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2120-FL

| | |
|---|---|
| CLIFFORD McDOLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN THOMPSON, ERIK A. ) | |
| HOOKS, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion for summary judgment (DE 15) pursuant to Federal Rule of Civil Procedure 56, and petitioner's motion for return of original documents (DE 21) and motion to amend petition (DE 22). The motion for summary judgment has been fully briefed and respondent did not respond to petitioner's motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment, denies petitioner's motion to amend, and grants petitioner's motion for return of documents.

**BACKGROUND**

On May 2, 2015, petitioner was arrested for unspecified charges in Virginia. (Pet'r's Aff. (DE 1-1) at 3). After his arrest, North Carolina authorities lodged a detainer against petitioner because he had pending charges in Currituck County. (See id.) These charges included: (1) breaking or entering a motor vehicle; (2) misdemeanor larceny; (3) felony larceny; and (4) injury

to personal property. (See App. (DE 17) Ex. 2). At the time, petitioner also had numerous pending charges in Wake County, North Carolina. (Id. Ex. 3). On or about June 17, 2016, petitioner was extradited from Virginia to North Carolina pursuant to the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. App. § 2, for trial on his pending charges in Currituck County. (Pet'r's Aff. (DE 1-1) at 3). The Currituck and Wake county district attorneys, however, later dismissed petitioner's charges "without leave [to reinstate]" on or about November 9, 2016 and June 29, 2017, respectively. (Resp't's Mem. (DE 18) at 1; Pet'r's First Resp. (DE 20-1) Ex. A at 6). Thereafter, petitioner was extradited back to Virginia on August 3, 2017, pursuant to a "Capias for Violation of Probation" detainer lodged against him while he was incarcerated in North Carolina. (See App. (DE 17) Ex. 4; Pet'r's First Resp. (DE 20-1) Ex. B at 7).

On June 19, 2017 (while still in custody in North Carolina), petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's sole claim for relief is that he is being detained in violation of the IADA because he was not tried on his North Carolina charges within 120 days of the extradition. See IADA, 18 U.S.C. App. § 2, art. IV(c) (providing that when a prisoner is extradited pursuant to the IADA, "trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving state"). Petitioner seeks "immediate release" from custody.

## DISCUSSION

A.     Summary Judgment

    1.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v.

Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it

does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

2. Analysis

   a. Mootness

Where, as here, a petitioner has been released from custody[1] before the habeas proceedings conclude, "the court must . . . determine if the case is moot." Taylor v. Huffman, 36 F.3d 1094, 1994 WL 525073, at *1 (4th Cir. 1994) (table). A § 2254 claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986). In other words, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998). There are two exceptions to the mootness doctrine in this context: (1) the petitioner, despite his release, suffers

---

[1] Petitioner does not dispute that he has been released from custody in North Carolina and that all pending criminal charges against him in North Carolina have been dismissed. Although petitioner may still be in custody in Virginia pursuant to the Capias for Violation of Probation detainer, his habeas petition only challenges his custody in North Carolina. (See Pet. (DE 1)). To the extent petitioner wishes to challenges his detention in Virginia, he must do so in the Virginia state or federal courts. See Norris v. Georgia, 522 F.2d 1006, 1013-14 (4th Cir. 1975).

4

collateral consequences as a result of the detention or conviction; and (2) the challenged action is capable of repetition, yet evades review. Leonard, 804 F.2d at 842; see also Murphy v. Hunt, 455 U.S. 478, 482 (1982); Carafas v. LaVallee, 391 U.S. 234, 237 (1968). In Carafas, the United States Supreme Court explained that when a conviction results in collateral consequences – such as the inability to vote, hold elected office, or to engage in certain business enterprises – and those consequences are sufficient to create "'a substantial stake in the . . . conviction which survives the satisfaction of the sentence[,]'" the habeas claim is not moot. Carafas, 391 U.S. at 237 (quoting Fiswick v. United States, 329 U.S. 211, 222 (1946)). The capable of repetition yet evading review exception requires: "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." Leonard, 804 F.2d at 842; see also Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

Here, petitioner seeks "immediate release" from custody in North Carolina. As set forth above, however, all of petitioner's pending criminal charges in North Carolina have been dismissed with prejudice and he has been released from custody in North Carolina. Thus, the petition is moot because petitioner no longer has any legally congnizable interest in the outcome. Leonard, 804 F.2d at 842; Taylor, 1994 WL 525073, at *1 (noting federal habeas claim is moot where the "relief [petitioner] sought has been achieved" in the absence of showing exception to mootness doctrine applies).

Petitioner has not shown that either of the exceptions to the mootness doctrine apply. As to the first exception, petitioner must demonstrate that a collateral consequence, or "civil disability,"

resulted from his allegedly illegal detention, such as the inability to hold certain jobs,[2] to vote, or to serve in an elected office. See Spencer, 523 U.S. at 9, 12-13; Lane v. Williams, 455 U.S. 624, 632-33 (1982). The loss of employment prospects and other types of reputational harm are too speculative to satisfy the collateral consequences exception. Lane, 455 U.S. at 632-33; Broughton v. North Carolina, 717 F.2d 147, 149 n.3 (4th Cir. 1983).

Petitioner claims that his North Carolina charges (while they were pending) affected his ability to work as a longshoreman and "the fact this was on the news and posted on facebook it was quite damaging [to his reputation]." (Pet'r's Second Resp. (DE 23) at 7, 9). Thus, petitioner's only showing of collateral consequences is that his employment prospects were diminished and the charges harmed his reputation, which is insufficient to satisfy the first exception to the mootness doctrine.[3] See Lane, 455 U.S. at 632-33; Broughton, 717 F.2d at 149 n.3.

Turning to the second exception, petitioner cannot show that the "challenged action" is either (1) in its duration too short to be fully litigated prior to its cessation or expiration, or (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. Leonard, 804 F.2d at 842. There is nothing inherent in the "challenged action" (failing to bring petitioner to trial within 120 days of his extradition) that makes it too short to be fully litigated prior to its cessation or expiration. Indeed, if petitioner's charges were not dismissed and he was

---

[2]The "inability to hold certain jobs" must be a "statutory consequence" of the conviction or detention. See Lane, 455 U.S. at 632-33. The loss of employment prospects standing alone is not sufficient to satisfy the collateral consequences exception. See id.

[3]Petitioner also argues that he suffered various deprivations of his rights when he was transferred to a psychiatric facility while incarcerated in North Carolina. (See Pet'r's First Resp. (DE 20) at 3 (alleging that he suffered cruel and unusual punishment because he was taken to the psychiatric facility)). Habeas corpus relief is not available, however, when a prisoner challenges the conditions of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Instead, a prisoner challenging the conditions of confinement must file an action pursuant to 42 U.S.C. § 1983. Id.; Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008).

6

convicted, he would likely still be in custody and the court could review his claim, assuming no other procedural procedural bar to habeas relief existed. See Pethtel v. Ballard, 617 F.3d 299, 303-05 (4th Cir. 2010) (reviewing IADA claim after petitioner's conviction). Moreover, petitioner cannot claim that there is a "reasonable expectation" that he may be held in violation of the IADA again because such a claim would require that the court assume petitioner will be arrested in North Carolina again. See O'Shea v. Littleton, 414 U.S. 488, 497 (1974) ("[W]e are . . . unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction . . . ."); see also Lane, 455 U.S. at 632 n.13.

In addition, petitioner's IADA claim is cognizable under 42 U.S.C. § 1983, so his inability to pursue it on federal habeas review (due to his release from custody) does not mean he has lost his right to litigate the claim. See Cuyler v. Adams, 449 U.S. 433, 449 (1981). Thus, petitioner's claim has not "evaded review" solely because it is moot for purposes of federal habeas review. See Leonard, 804 F.2d at 842.

Petitioner's claim is moot because he has been released from custody in North Carolina, and he does not qualify for any of the exceptions to the mootness doctrine. Accordingly, the court GRANTS respondent's motion for summary judgment.

### b. Petitioner's IADA Claim is not Cognizable on Federal Habeas Review

Even assuming the claim is not moot, however, petitioner's IADA claim is not cognizable on federal habeas review in these circumstances. The IADA is a is an interstate compact (of which North Carolina is a participating state), and its interpretation presents a question of federal law.

New York v. Hill, 528 U.S. 110, 111 (2000). As relevant here, the IADA requires that a prisoner's trial commence within 120 days of the arrival of the prisoner in the receiving state, although the time period can be extended if the petitioner, his counsel, or the prosecutor shows good cause. Id. art. IV(c). If the receiving state does not conduct the trial within the time period required under Article IV(c), the criminal charges must be dismissed with prejudice. Id. art. V(c).

The Supreme Court has held that "a state court's failure to observe the 120-day rule of IAD[A] Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement." Reed v. Farley, 512 U.S. 339, 348 (1994). Similarly, the Fourth Circuit has held that a violation of a similar IADA speedy trial provision[4] is not cognizable on habeas review absent "evidence indicating that [petitioner] has suffered any prejudice in his incarceration[5] or in defending against the charges against him." Kerr v. Finkbeiner, 757 F.2d 604, 606–07 (4th Cir. 1985).

Here, even assuming that petitioner timely notified the state trial court about his IADA claim (and it is not clear from the record that he did[6]), he cannot possibly show that the failure to abide by the 120-day deadline caused him prejudice because his charges have been dismissed and he has been released from custody in North Carolina. See Reed, 512 U.S. at 352 (IADA claim based on violation of speedy trial provision requires showing of prejudice); Keith v. Weber, No. 05-4175,

---

[4] See 18 U.S.C. App. § 2, art. III(a) (requiring prisoner be brought to trial within 180 days after prisoner provides written notice of a request for final disposition of the detainer).

[5] The phrase "prejudice in incarceration" was not explicitly defined in Kerr, but it presumably refers to prejudice relating to denial of "prison privileges and rehabilitation efforts." Kerr, 757 F.2d at 607.

[6] Petitioner claims that he "asserted the speed [*sic*] trial right" in July or August, 2016 (within the 120-day deadline), but he provides no documentary evidence to support the claim, and it not clear that he specifically requested a trial within 120 days pursuant to Article IV(c) of the IADA. (Pet'r's Second Resp. (DE 23) at 3); see Reed, 512 U.S. at 352 (requiring habeas petitioner to notify the receiving state trial court of his invocation of rights under the IADA within the 120-day deadline to establish federal habeas claim for violation of Article IV(c) of the IADA).

8

2006 WL 1367363, at *6 (D.S.D. May 15, 2006) (petitioner could not show prejudice sufficient to warrant federal habeas relief based on state court's failure to abide by the 120-day IADA rule where charges were later dismissed). The term "prejudice" in the context of speedy trial claims requires a showing that petitioner's "ability to present a defense" was prejudiced by the delay. See Reed, 512 U.S. at 352-53. Of course, petitioner cannot make such a showing where his charges have been dismissed and he has been released from custody.[7]

Thus, petitioner's habeas claim is not cognizable on federal habeas review, and respondents are entitled to summary judgment.

B.  New Claims

Petitioner alleges several conclusory allegations in his various responsive pleadings. To the extent these claims are separate from the claims discussed supra, they constitute nothing more than conclusory allegations which do not entitle a habeas petitioner to an evidentiary hearing. Jones v. Polk, 401 F.3d 257, 270-271 (4th Cir. 2005); Nickerson v. Lee, 971 F.2d 1126,1136 (4th Cir. 1992), overruled on other grounds by, Yeatts v. Angelone, 166 F.3d 255 (1996). In addition, new claims for relief presented for the first time in response to a motion for summary judgment are not properly before the court. Miles v. Owen, No. 12–998, 2013 WL 227766, at *2 (D.S.C. Jan. 22, 2013) ("The Court ... declines to address Petitioner's new claims which he raises for the first time in his response and sur-reply. To the extent that Petitioner's response in opposition to the motion to dismiss presents issues and claims not contained in his Petition, these claims are not properly before the court."). As a result, such claims are DISMISSED without prejudice.

---

[7] As noted, petitioner argues he was prejudiced because he suffered "cruel and unusual punishment" and other deprivations related to the conditions of his confinement, but these claims are not cognizable on federal habeas review. See Wilson, 535 F.3d at 265.

C.  Motion to Amend

Petitioner's motion to amend seeks to add two respondents to the action: Susan D. Johnson, the Sheriff of Currituck County, and "D. Harrison," the sheriff of Wake County. Presumably, petitioner wants to add these two respondents because they are the custodians of the institutions where he was in incarcerated in North Carolina. The addition of these respondents would not change the court's analysis of petitioner's claims. Thus, adding these respondents would be futile. See Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (motion to amend may be denied when amendment would be futile). Accordingly, petitioner's motion to amend is DENIED.

C.  Motion for Return of Original Documents

Petitioner requests that the court return to him the original documents he filed on September 15, 2017, as his response to the motion for summary judgment (DE 20). The court's electronic filing policy provides that "any document electronically filed or converted by the United States District Court for the Eastern District of North Carolina (clerk's office) to electronic format shall be the offical record of the court. E.D.N.C. Electronic Case Filing Administrative Policies & Procedures Manual, Section B. Thus, the motion is GRANTED, and the clerk of court is DIRECTED to return the original copies of docket entry 20 to petitioner.

D.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 137 S. Ct. 759, 773-74 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1) Respondent's motion for summary judgment (DE 15) is GRANTED. To the extent petitioner has asserted new claims in response to respondent's motion for summary judgment, such claims are DISMISSED without prejudice;

2) Petitioner's motion for return of original documents (DE 21) is GRANTED and the clerk is DIRECTED to return the original copies of docket entry 20 to petitioner;

3) Petitioner's motion to amend (DE 22) is DENIED;

4) A certificate of appealability is DENIED;

5) The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of March, 2018.

LOUISE W. FLANAGAN
United States District Judge